[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTIONS FOR SUMMARY JUDGMENT #116, #119 AND #121
On March 23, 2000, the plaintiff, Wanda Trappe, acting pro se, filed this action against the defendant, Robert Bolgard, arising out of Bolgard's alleged misconduct in the administration of the estate of the plaintiff's deceased husband and of the interest and principal of a trust CT Page 8775 created by the provisions of the plaintiff's deceased husband's will. The plaintiff's pro se revised complaint filed on June 9, 2000, alleges eight counts of fraud concerning real property transferred to the plaintiff (count one), losses on stock sales (count two), creditors' claims against the estate (count three), miscellaneous fees (count four), legal fees (count five), fiduciary taxes (count six) and two mortgage notes (counts seven and eight). The revised complaint also appears to allege negligence and breach of fiduciary duty, and to request an accounting. On June 19, 2000, the court, Hennessey, J., granted a motion filed by the defendant, Fleet Bank, N.A., to intervene as a party defendant.
The plaintiff pro se filed two motions "for judgment" (#116 and #119) on February 9, 2001, and May 23, 2001, respectively, and the defendants filed a motion for summary judgment (#121) accompanied by a supporting memorandum of law and supporting documents on June 8, 2001. On the court's advice, the plaintiff retained counsel, who filed a formal appearance on September 20, 2001. The plaintiff, represented by counsel, filed a memorandum in opposition to the defendants' summary judgment motion, along with supporting documents, on December 28, 2001. The opposition memorandum clarifies that the plaintiffs' motions "for judgment" should more appropriately be considered as motions for partial summary judgment as to liability, and the court therefore treats these motions as such. The defendants filed a reply memorandum on April 2, 2002.
Preliminarily, the court notes that on May 3, 2002, a judgment of dismissal was entered in this case by the court pursuant to the docket management program. Because the parties' respective motions for summary judgment were pending before this court at the time, the court hereby opens the judgment of dismissal and sets it aside.
The defendants' motion for summary judgment is based on their defense that all applicable statutes of limitations have run and therefore the plaintiff's action is time barred. The court agrees with the defendants. The undisputed evidence establishes that the plaintiff's claims concern alleged actions of the defendants in the course of administering the estate and marital trust. The undisputed evidence further establishes that the final accountings for the estate and marital trust were submitted to the Probate Court and approved in 1977 and 1980, respectively, and that the defendants resigned their roles as executor and trustee in 1977 and 1980, respectively. Thus, the alleged wrongful conduct of the defendants occurred prior to 1980. Because the plaintiff waited until two decades later to bring this action, this action is barred by any applicable statute of limitations, whether it be that contained in General Statutes §§ 45a-187 (probate appeal to be taken within thirty days by those with notice, one year by those without CT Page 8776 notice), 52-576 (six years to bring action for accounting) or 52-577
(three years to bring action for torts, fraud).
The plaintiff's argument that the statutes of limitations were tolled by the doctrine of fraudulent concealment pursuant to General Statutes § 52-595 fails. The plaintiff has failed to submit any evidence which would raise an issue of fact as to such a claim. It is undisputed that the plaintiff had access to her deceased husband's will defining the terms of the trust and trust res and to the final accountings submitted by the defendants as to the estate and marital trust prior to 1980. It is also undisputed that all eight counts of the revised complaint allege fraud directly related to the amounts listed for various items entered in the final accountings. Moreover, the plaintiff admits in her own deposition testimony that her suspicions as to these items and the amounts listed in connection therewith arose in the 1980s.
"Actionable harm occurs when the plaintiff discovers or should discover, through the exercise of reasonable care, that he or she has been injured and that the defendant's conduct caused such in. . . . The statute [of limitations] begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof. . . . The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories." (Citations omitted; internal quotation marks omitted.) Mountaindale Condominium Assn., Inc. v.Zappone, 59 Conn. App. 311, 323, 757 A.2d 608, cert. denied, 254 Conn. 947,762 A.2d 903 (2000). Thus, because the plaintiff undisputedly had access to all documents filed with the probate court, including the final accountings wherein are listed all items of property and amounts in association therewith which are the subject of her revised complaint, "the means of knowledge existed and the circumstances were such as to put a plaintiff of ordinary prudence on inquiry. There was knowledge of what could have been readily ascertained by such inquiry, and the plaintiff learned of information that would lead to the discovery of a cause of action through due diligence. Accordingly, under such circumstances, the plaintiff cannot successfully establish fraudulent concealment of a cause of action." (Internal quotation marks omitted.) Id., 322.
Accordingly, the defendants' motion for summary judgment is granted. The plaintiff's motions for partial summary judgment are denied.
___________________ Hale, JRT CT Page 8777